***********
The Full Commission has reviewed the record of the proceedings before Deputy Commissioner Stephenson based upon the errors assigned by the appealing party and the parties' oral arguments before the Full Commission, as well as any documentation provided by the parties to the Full Commission. Upon review and reconsideration of the record, the Full Commission enters the following Order affirming the decision of Deputy Commissioner Stanback.
IT IS HEREBY ORDERED that, for good cause shown, the April 5, 2011 Order of Deputy Commissioner Stephenson is AFFIRMED. Plaintiff's request for payment of assistance with yard work is DENIED.
 *********** *Page 2 
Plaintiff sustained a compensable injury on May 10, 2009 to his right shoulder. Defendants accepted the compensability of plaintiff's injury and began paying benefits.
Since the accident, defendants have provided medical treatment. Defendants authorized Dr. Jonathan Paul to treat plaintiff's right shoulder. Dr. Paul performed arthroscopic surgery on plaintiff's right shoulder on August 3, 2009 for plaintiff's right rotator cuff tear and biceps disease and later performed open rotator cuff repair surgery on April 21, 2010. Plaintiff continued to complain of pain and by October 26, 2010, Dr. Paul opined that diagnostic arthroscopy was warranted. Yard work assistance was not raised or address during treatment with Dr. Paul.
On January 27, 2011, per plaintiff's request, plaintiff saw Dr. Shadley Schiffern for a second opinion at OrthoCarolina. Dr. Schiffern agreed that diagnostic arthroscopic surgery was warranted and he performed the surgery on March 9, 2011. Prior to the surgery, Dr. Schiffern wrote a note on a prescription pad indicating plaintiff would need yard work assistance while recovering from shoulder surgery.
Plaintiff filed a Motion for an expedited medical hearing to obtain Commission authorization for a neuropsychiatric evaluation with Dr. Manish Fozdar.
In response to plaintiff's Motion, defendants argued that defendants have the right to direct the medical treatment and that no medical records support the necessity for a neuropsychiatric evaluation.
Deputy Commissioner Stanback denied plaintiff's medical motion on July 13, 2009. Plaintiff appealed Deputy Commissioner Stanback's Order on July 28, 2009.
N.C. Gen. Stat. § 97-25 provides that an injured employee may select a physician of his own choosing to provide medical care, subject to the approval of the Industrial Commission. *Page 3 Schofield v. Great Atlantic Pacific Tea Co.,299 N.C. 582, 264 S.E.2d 56 (1980). Upon review of all the medical records submitted, the Full Commission concludes in its discretion that plaintiff's motion to authorize a neuropsychiatric evaluation with Dr. Manish Fozdar should be and hereby is DENIED. Both sides shall pay the costs.
This the __ day of August, 2009.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
S/___________________ STACI T. MEYER COMMISSIONER
S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1